USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/7/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TOMMIE CROSBY,

                Plaintiff,

- against -

KEVIN PETERMANN ET AL.

                Defendants.

18-CV-9470 (JGK)

MEMORANDUM OPINION
AND ORDER

JOHN G. KOELTL, District Judge:

The Court received the plaintiff's letter (Docket No. 14) in which the plaintiff indicates that the U.S. Marshals were not able to locate the following defendants for service: G. Ripich, Kevin Petermann, and Christopher LaRosa. After the plaintiff filed his letter, the defendants filed a letter (Docket No. 16), informing the Court of the addresses for Kevin Petermann and Christopher LaRosa.

By Order dated November 9, 2018, the Court granted the plaintiff's request to proceed without prepayment of fees, that is, in forma pauperis ("IFP"). Because the plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. See Walker v. Schult, 717 F.3d 119, 123 n.6 (2d Cir. 2013); Fed. R. Civ. P. 4(c)(3) (the Court must order the Marshals Service to effect service if the plaintiff is authorized to proceed IFP).

1

To allow the plaintiff to effect service on defendants Kevin Petermann and Christopher LaRosa through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for both of these defendants. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service upon these defendants.

In his letter (Docket No. 14), the plaintiff indicated that the Marshals were unable to locate defendant G. Ripich. Under Valentin v. Dinkins, a pro se litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In his complaint, the plaintiff supplies sufficient information to permit the New York State Department of Corrections and Community Supervision (DOCCS) to identify defendant G. Ripich. It is therefore ordered that the New York State Attorney General's Office, which is the attorney for and agent of the DOCCS, must ascertain the identity of G. Ripich and an address where G. Ripich may be served. The Attorney General must provide this information to the plaintiff and the Court within sixty days of the date of this order.

The plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if the plaintiff fails to do so.

The Clerk of Court is directed to mail a copy of this order to the plaintiff, together with an information package.

**SO ORDERED.**

**Dated:** **New York, New York**
**January 5, 2019**

_____
John G. Koeltl
**United States District Judge**

**DEFENDANTS AND SERVICE ADDRESSES**

1. Kevin Petermann, M.D.
   United Vein Centers
   3657 Madaca Lane
   Tampa, FL 33618

2. Christopher LaRosa, PA
   c/o Gwendolyn Renee Tarver
   PAGNY-Correctional Health Services
   49-04 19th Avenue, 1st Floor
   Astoria, NY 11105

4