

|  | THE CITY OF NEW YORK |  |
|---|---|---|
| **ZACHARY W. CARTER**<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **DAVID S. THAYER**<br>*Assistant Corporation Counsel*<br>t: (212) 356-2649<br>f: (212) 356-8760<br>e: dthayer@law.nyc.gov |

March 26, 2019

*Via ECF*
The Honorable John G. Koeltl
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

                Re:   <u>**Crosby v. Petermann,** *et al.*</u>**, Case No. 18 CV 9470**

Dear Judge Koeltl:

        I am an Assistant Corporation Counsel in the Office of the Corporation Counsel of the City of New York, Zachary W. Carter, counsel for Defendants Kevin Petermann and Christopher LaRosa ("City Defendants") in the above-referenced action. I write to respectfully request leave to file a motion to dismiss the Complaint or a pre-motion conference regarding City Defendants' anticipated motion to dismiss.[1]

        Plaintiff Tommie Crosby's claims against City Defendants are that City Defendants, after receiving "abnormal" results for a Hepatitis C test taken by Plaintiff, failed to inform Plaintiff of the results. (Compl. 8 ¶ 4.) Plaintiff asserts that this constituted deliberate indifference to his medical needs in contravention of the Eighth and Fourteenth Amendments. (See, e.g., id. at 23 ¶ 78.) In response, City Defendants intend to move to dismiss on, inter alia, the following grounds: (1) Plaintiff's claims against City Defendants are barred by the statute of

---

[1] The Court scheduled a March 28, 2019 pre-motion conference in regards to a proposed motion to dismiss by defendants represented by the Attorney General of New York. (See Order, Mar. 14, 2019, ECF No. 40.) City Defendants respectfully propose discussing our anticipated motion at that conference.

limitations; (2) Plaintiff fails to state a § 1983 claim against City Defendants; and (3) City Defendants are immune from suit.

Statute of Limitations

The statute of limitations for § 1983 claims is three years. Patterson v. County of Oneida, 375 F. 3d 206, 221 (2d Cir. 2004). Plaintiff's most recently dated allegation regarding Defendants Petermann or LaRosa relates to July 9, 2015. (Compl. 10 ¶ 12.) Indeed, Plaintiff was moved to the custody of the New York State Department of Corrections and Community Supervision on August 7, 2015, the latest date on which Plaintiff could have interacted with City Defendants. (Id. at 10 ¶ 15.) Plaintiff's action was filed on October 16, 2018, which is more than three years after July 9, 2015, or August 7, 2015. (ECF No. 2.) Plaintiff's claims against City Defendants are therefore time-barred.

The continuing violation doctrine is unavailing to Plaintiff. This doctrine requires allegations of an "'ongoing policy'" and "'some non-time-barred acts taken in furtherance of that policy" by the defendant. Shomo v. City of New York, 579 F.3d 176, 181 (2d Cir. 2009) (quoting Harris v. City of New York, 186 F.3d 243, 248 (2d Cir. 1999)); see also Gonzalez v. Wright, 665 F. Supp. 2d 334, 349 (S.D.N.Y. 2009). Plaintiff fails to allege facts from which an inference could be drawn regarding a policy of the City of New York relating to informing incarcerated persons about their Hepatitis status. Plaintiff also does not allege any conduct of either Defendant Petermann or LaRosa within the "non-time-barred" three years of this action's filing. Harris, 186 F.3d at 248. Because Plaintiff cannot avail himself of the continuing violation doctrine, his claims against Defendants Petermann and LaRosa remain time-barred.

Failure to State a § 1983 Claim

When a plaintiff claims that a delay in medical care constitutes a constitutional deprivation, courts "focus on the challenged delay or interruption in treatment" to determine if the deprivation was, in "'objective terms, sufficiently serious.'" Smith v. Carpenter, 316 F.3d 178, 185 (2d Cir. 2003) (quoting Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998)). This requires examining whether the "risk of harm faced by" the plaintiff from the delay or interruption was sufficiently serious. See Smith, 316 F.3d at 186. A sufficiently serious risk is where "'a condition of urgency, one that may produce death, degeneration, or extreme pain' exists." Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996) (quoting Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994)); see also Lewis v. Cavanugh, 685 F. App'x 12, 13 (2d Cir. 2017); Ray v. Zamilus, 13 Civ. 2201 (PGG), 2017 U.S. Dist. LEXIS 158957, at *18-20 (S.D.N.Y. Sept. 27, 2017).

By contrast, a denial of medical care requires a plaintiff to allege "that his medical *condition* is objectively a serious one." Brock v. Wright, 315 F.3d 158, 162 (2d Cir. 2003) (emphasis added). This requires allegations such as "(1) a reasonable doctor or patient would perceive the medical need in question as important and worthy of comment or treatment, (2) . . . the medical condition significantly affects daily activities, and (3) the existence of chronic and substantial pain." Id. (citing Chance, 143 F.3d at 702).

2

After alleging the foregoing, a plaintiff must then allege that the defendants "acted intentionally" or "recklessly failed to act with reasonable care to mitigate the risk . . . even though the defendants knew, or should have known, that the condition posed an excessive risk to health or safety." Darnell v. Pineiro, 849 F.3d 17, 35 (2d Cir. 2017).[2]

Plaintiff fails to allege that City Defendants' alleged failure to inform him of his Hepatitis C test results risked engendering a condition of "death, degeneration, or extreme pain" or that Plaintiff's alleged Hepatitis C was "objectively a serious" condition. Hathaway, 37 F.3d at 66; Chance, 143 F.3d at 702. To the contrary, the medical records attached to the Complaint indicate that Plaintiff had an "abn[ormal] HCV [presumably, "Hepatitis C virus"] antibody but normal HCV RNA qualitative bDNA." (Compl. 48.) This suggests that the risk posed to Plaintiff or his purported condition was therefore not "sufficiently serious." Chance, 143 F.3d at 702.

Plaintiff also fails to allege that Defendants Petermann or LaRosa "intentionally" or "recklessly" failed to address an "excessive risk" to Plaintiff. Darnell, 849 F.3d at 35. In fact, Plaintiff's allegations are better characterized as an assertion that City Defendants made an "erroneous calculus of the risks facing Plaintiff," a contention sounding in medical malpractice that cannot be vindicated using § 1983. Figueroa v. County of Rockland, 16-CV-6519- (NSR), 2018 U.S. Dist. LEXIS 112011, at *14-15 (S.D.N.Y. July 5, 2018) (citing Harrison v. Barkley, 219 F.3d 132, 139 (2d Cir. 2000)).[3]

Lastly, to the extent that Plaintiff asserts claims against City Defendants in their official capacities, he does not allege the existence of "a policy, custom, or practice" of the City of New York that deprived him of his rights. Patterson v. County of Oneida, 375 F.3d 206, 226 (2d Cir. 2004). Accordingly, Plaintiff fails to state a claim under § 1983.

Qualified Immunity

Qualified immunity protects officials from civil liability in their individual capacity unless "(1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was 'clearly established at the time.'" District of Columbia v. Wesby, 138 S. Ct. 577, 589 (2018) (quoting Reichle v. Howards, 566 U.S. 658, 664 (2012)). "Clearly established" law is, at the time of the relevant incident, "sufficiently clear" with unambiguous foundations in "then existing precedent" such that a "reasonable official" would know that his or her acts were unlawful. Wesby, 138 S. Ct. at 589; see also Ashcroft v. al-Kidd, 563 U.S. 731, 741 (2011); Anderson v. Creighton, 483 U.S. 635, 640 (1987). This immunity

---

[2] Because the Complaint does not indicate whether Plaintiff was a pretrial detainee or a convicted inmate at the time of his incarceration by the New York City Department of Correction, City Defendants assume *arguendo* that Plaintiff enjoyed the greater protections of the Fourteenth Amendment and respond accordingly.

[3] Any such medical malpractice claim would also be time-barred. See N.Y. C.P.L.R. § 214-a (Consol. 2019) (providing that medical malpractice claims must generally be commenced within two years and six months).

"protects 'all but the plainly incompetent or those who knowingly violate the law.'" Wesby, 138 S. Ct. at 589 (quoting Malley v. Briggs, 475 U.S. 335, 341 (1986)).

As set forth above, Plaintiff fails to allege that City Defendants' conduct violated a federal right, and even if Plaintiff could do so, he fails to allege how a "reasonable official" would know that, by failing to inform Plaintiff of the fact that he had abnormal test results when other results were apparently normal, (*see* Compl. 48,) constituted a violation of the U.S. Constitution rather than, for example, the exercise of medical discretion. Wesby, 138 S. Ct. at 589. City Defendants are therefore immune from suit, and the claims against them should be dismissed.

In light of the foregoing arguments, among others, City Defendants respectfully request leave to file a motion to dismiss or a pre-motion conference regarding City Defendants' proposed motion.

    Respectfully yours,

    /s/ David S. Thayer

    David S. Thayer

cc:    *Via ECF*
    Tommie Crosby
    Keener Men's Shelter
    64 Sunken Garden Loop
    Wards Island, NY 10035

    *Via ECF*
    Bruce J. Turkle, Esq.
    New York State Office of the Attorney General
    28 Liberty Street, 15th Floor
    New York, NY 10005
    *Counsel for State Defendants*